IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **EDWARD J. JACQUES,** § § § *Plaintiff*, § § **v.** § **Civil Action No._____** § **HOERBIGER SERVICE, INC.,** § § § *Defendant*. § § **JURY TRIAL DEMANDED** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Edward J. Jacques ("Plaintiff" or "Jacques"), and by counsel brings this action for sex discrimination and retaliation in violation of Title VII, 42 U.S.C. 2000e et seq., against Defendant, Hoerbiger Corporation of America, Inc. ("Defendant" or "Hoerbiger"). Plaintiff respectfully shows the Court as follows:

### I.

### PARTIES

1.01    Plaintiff Edward J. Jacques is an individual who may be contacted in care of the undersigned counsel. Plaintiff was a resident and citizen of the State of Texas at the time of employment with Defendant. The last three digits of Defendant's Social Security Number is 912.

Plaintiff's Original Petition
Edward J. Jacques v. Hoerbiger Services, Inc.

Page | 1

1.02    Defendant Hoerbiger Service, Inc. is a Foreign For Profit corporation registered with the Texas Secretary of State. It may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## II.

## JURISDICTION AND VENUE

2.01    Plaintiff brings this action for sex discrimination and retaliation under Title VII.

2.02    Jurisdiction is conferred by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et seq.*

2.03    Venue for all causes of action stated herein lies in the Northern District of Texas because the acts alleged in this Complaint took place, in whole or in part, within the boundaries of this District, pursuant to 28 U.S.C. §1391.  Defendant's EEOC charge was filed and pursued in the Dallas District office of the EEOC.

## III.

## FACTUAL ALLEGATIONS

3.01    Plaintiff Jacques, a male was contacted by a recruiter named Gail Olsten on LinkedIn to interview with Hoerbiger on or about August 17, 2018.

3.02    Defendant was interviewed by Shannon Moses ("Moses") on August 18, 2018 for the position of Operations Manager to re-build a closed failed facility to re-enter the Permian market and reclaim the market which it had when it was the leader in compression services.

Plaintiff's Original Petition
Edward J. Jacques v. Hoerbiger Services, Inc.

Page | 2

3.03  On or about August 22, 2018 an Offer letter was made by Shannon Moses to Plaintiff for the position and salary of $105,000 annually.  Shannon Moses is in charge of three facilities.  One in Odessa Texas, one in La Porte, Texas and one in Oklahoma City, Ok.  Plaintiff accepted and informed Moses that he would give Hoerbiger the next 22 years of his services.  Moses told Plaintiff that he would make Plaintiff a Field Manager in three years with a salary of $150,000 per year.  Plaintiff gave Halliburton his two-week notice.

3.04   On or about September 10, 2018 Plaintiff started his first day at Hoerbiger and went for training for a week in La Porte, Texas.

3.05   After a week Plaintiff started his first day as Operations Manager for Defendant at their Odessa, Texas facility located at 12700 W. Highway 80 E., Odessa, Texas.  Plaintiff was introduced to two remaining employees and one temp employee.  Levi Taylor (HR Manager) informed Plaintiff that he hired another employee, Eddy Cabral ("Carbral") that day and that he was also a former employee from six months earlier.  Cabral knew the systems and would be a great help to Plaintiff.

3.06   On or about September 29, 2018 the sales account rep quit and a new sales rep named Scott Roy started working at Hoerbiger. A customer service rep came to train Plaintiff in account receivables and invoices but never had no time to do so.

3.07   On or about October 2, 2018 Moses asked Plaintiff to order new CNC work centers for valve repair.  It would take three months to deliver.

3.08  Or about October 20, 2018, no equipment from the field was coming in and no revenue either.  A second employee from Oklahoma arrived to train Plaintiff on bills and purchase orders and

Plaintiff's Statement of Claims
Edward J. Jacques v. Hoerbiger Services, Inc.

Page | 3

informed Plaintiff that Moses was always over in Oklahoma City and was also seeing a shop supervisor there named Rebecca Rollins.

3.09  On or about October 22, 2018 Defendant purchased an RV for Plaintiff and Cabral to live in due to high rent in Odessa, Texas.

3.10  On or about October 26, 2018 Moses visited the Odessa facility.  Moses told Plaintiff what a great job he was doing and said there were great things to come.

3.11  That afternoon Plaintiff walked into his office and saw Moses and Rebecca in an embrace.  They separated and Plaintiff walked on to his desk.  It was a very uncomfortable situation since Moses was married but not to Rebecca. This was also a violation of company policy.  Rebecca started out as a receptionist the year before and was now Shop Manager.  A sales rep Scott Roy was looking through the window and saw the entire scene.  As Plaintiff was working on his computer, Moses and Rebecca were continuing to cuddle and this made Plaintiff very uncomfortable.  Scott Roy later asked Plaintiff if he saw that.  Plaintiff said yes and that it was against company policy.  Plaintiff was going to report it to HR.

3.12  Moses approached Plaintiff the next day and told Plaintiff that what he saw the day before was not true.  Moses further stated that he loved his wife and that he and Plaintiff could make a lot of money together if Plaintiff didn't talk about what he saw.

3.13  On or about October 29, 2018 Plaintiff called Levi Taylor ("Taylor"), the HR Manager and informed him of the incident in his office.  Taylor said he would take care of it.

Plaintiff's Statement of Claims
Edward J. Jacques v. Hoerbiger Services, Inc.

Page | 4

3.14  From October 29, 2018 through November 7, 2018 Plaintiff was isolated because his calls and emails were ignored.  Moses all of a sudden would email Plaintiff with blistering attacks on how Plaintiff was not going a good job.

3.15  November 7, 2018 both Moses and Taylor showed up at Plaintiff's office and terminated him.

## IV.

## FIRST COUNT

### DISCRIMINATION BECAUSE OF SEX IN VIOLATION OF TITLE VII, 42 U.S.C. 2000e, *et seq.*

4.01.   The foregoing paragraphs of this Complaint are incorporated in this count by reference as fully as if set forth at length herein.

4.02.   Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely males.  42 U.S.C. §2000e(f).

4.03   Defendant Hoerbiger is an employer within the meaning of Title VII.  42 U.S.C.§2000e(b).

4.04   Defendant Hoerbiger intentionally discriminated against Defendant because of his sex in violation of Title VII by creating a work environment hostile to males and engaging in sexual harassment.

Plaintiff's Statement of Claims
Edward J. Jacques v. Hoerbiger Services, Inc.

Page | 5

4.05    Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Defendant received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint, a copy of which is attached as Exhibit A hereto.

4.06    As a direct and proximate result of Defendant Hoerbiger's conduct, Plaintiff suffered the following injuries and damages.

  a. Plaintiff was discharged from employment with Defendant. Plaintiff has incurred expenses in seeking other employment

  b. Plaintiff suffered damages to Plaintiff's benefits.

  c. Plaintiff suffered mental anguish and emotional distress.

4.07    Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

4.08    Defendant Hoerbiger violated Title VII by discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's sex. At Hoerbiger, Plaintiff was subjected to a continuous course of harassment, and worked in a sexually hostile environment.

4.09    Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for back pay, front pay, overtime pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's protected rights. Plaintiff is therefore also entitled to recover

Plaintiff's Statement of Claims
Edward J. Jacques v. Hoerbiger Services, Inc.

Page | 6

punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff also seeks to recover all costs of Court, attorney's fees, and expert fees.

## V.

## SECOND COUNT
## RETALIATION

5.01    The foregoing paragraphs of this Complaint are incorporated in this Count as fully as if set forth at length herein.

5.02    Plaintiff filed a charge of retaliation with the EEOC.

5.03    Defendant Hoerbiger has retaliated against Plaintiff for engaging in protected activities by reporting an environment hostile to Plaintiff based upon sex by committing the retaliatory act of firing Plaintiff.  Defendant Hoerbiger has thereby intentionally engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq*.

5.04    All conditions precedent to filing this action for discrimination and retaliation under federal law have been met.  Plaintiff timely filed his charge of retaliation based upon protected activities, and the EEOC has issued a right to sue attached as Exhibit A hereto.

5.05    Defendant Hoerbiger has engaged in a single continuous course of conduct of retaliation against Plaintiff because of Plaintiff's protected complaints of discrimination and harassment based upon sex, and by subjecting Plaintiff to a hostile environment in order to destroy Plaintiff, his career, and his personal life.

5.06    Such retaliation by Defendant Hoerbiger against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover reinstatement and damages from Defendant for back pay,

Plaintiff's Statement of Claims
Edward J. Jacques v. Hoerbiger Services, Inc.

Page | 7

front pay, past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses.  Plaintiff is also entitled to recover all costs of Court, and attorneys' fees.

## VI.

## JURY TRIAL DEMANDED

6.01    Plaintiff demands trial by jury on all issues raised by this Complaint.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff have and recover the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits and damages to past and future earnings capacity;

(2) Judgment for back pay and front pay as allowed by law;

(3) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life and other nonpecuniary losses;

(4) Damages for past and future mental anguish, emotional distress, and physical distress;

(5) Prejudgment and post-judgment interest at the maximum legal rate;

(6) All costs of Court;

(7) Attorneys' fees;

(8) Such other and further relief to which Plaintiff may be justly entitled.

Plaintiff's Statement of Claims
Edward J. Jacques v. Hoerbiger Services, Inc.

Page | 8

Date:   January 8, 2020

                           Respectfully Submitted,

                           **KILGORE & KILGORE, PLLC**

                         By: *W. D. Masterson*
                            W.D. Masterson
                            SBN: 13184000
                            wdm@kilgorelaw.com
                            3109 Carlisle
                            Dallas, Texas 75204
                            (214) 969-9099 - Telephone
                            (214) 953-0133 - Facsimile

                     **ATTORNEYS FOR PLAINTIFF**
                     **EDWARD J. JACQUES**

Plaintiff's Statement of Claims
Edward J. Jacques v. Hoerbiger Services, Inc.

Page | 9